Rtjítin, C. J.
 

 In the recent case of
 
 Richmond
 
 v.
 
 Van-hook,
 
 3 Ired. Eq. 581, the opinion of the Court was given, that the proviso to the third section.of the Act of 1806 had, in its purview, only the case of a total intestacy. In that opinion, and in what was said upon the point in the case of
 
 Hurdle
 
 v.
 
 Elliot,
 
 1 Ired. 176, there has been an entire concurrence between the four Judges who have last sat in the Court; and it is not known that any one, who ever sat here, entertained a doubt on it, excepting only from what fell, as a dictum, from Judge Henderson, in
 
 Stallings
 
 v.
 
 Stallings,
 
 1 Dev. Eq. 298. It seems manifestly impossible to apply the proviso to a case of partial intestacy. A parol gift of a slave cannot be called an advancement for the purpose of making it a good gift, unless, also, it is to be treated as an advancement, by bringing it into hotch-pot. This last is the distinguishing property inherent in an advancement. It was not meant, by the act of 1806, to change the law of distribution at all; neither in a case of total nor partial intestacy. So far from- that, it expressly refers to the law of distribution, and makes it, as then existing, regulate, as an advancement, the parol gift, that was the subject on which the proviso operated. Now, the statute of distribution only makes gifts to children by an intestate, in his life-time, advancements; and the intestate there spoken of, is unquestionably one, who is wholly so. That is perfectly settled.
 
 Cowper
 
 v.
 
 Scott,
 
 1 Pr. Wms. 119.
 
 Edwards
 
 v.
 
 Freeman, 2
 
 Pr. Wms. 440. Then, a father makes a will, and there is a residue not disposed of by it, neither a gift in the will, nor one by deed or otherwise, is to be accounted for in the distribution of the residue ; not the legacy, because the Act only speaks of gifts in the father’s life-time ; and not the other gifts, because the Act speaks of gifts by an “ intestate,”” with
 
 *118
 
 out qualification, and, further, because the law could not intend that a gift by a father, in one mode, should be brought into hotch-pot, while a gift by him, in another mode, should not; since, if it wore so, it would prevent that equality between children, which the law means to establish, where the- father has not himself created an inequality. If, then, this were a gift of any thing else but a slave, or if it were a gift of a slave by deed, the donee would hold the thing given, and also have an equal share of the personalty not disposed of, as one of the. next of kin; for such a case is not within the statute of distributions, properly speaking, but the division is made by equity, upon its maxim of equality, and the statute is taken for a guide, only in ascertaining the persons who may share ; and they take, as if the residue had been actually given to them in the will.
 
 Walton
 
 v. Walton, 14 Ves. 318.
 
 Brown
 
 v.
 
 Brown, 2
 
 Ired. Eq. 309. It follows, necessarily, that a gift of a slave by parol cannot be within the Act, when there is a will, because there is no mode of making the donee account for it as an advancement; for it is impossible the Legislature should mean to exclude him from a share of the surplus, while a donee of slaves by deed, or of any other thing without deed, and a donee by the will, would be admitted. On the contrary, the proviso merely meant, that the gift in writing, as provided for in the body of the Act, and a parol gift followed by possession of the child, until the death of the parent, should stand on the same footing as advancements in the division of the estate not disposed of by the parent. Therefore, if the parol gift be not so made, as to render it an advancement which is to be accounted for, it cannot be an advancement at all.
 

 The peculiar provisions of the will in this case, cannot alter the law. Although the testator only directs a sale of land, and applies the proceeds of the sale to his debts, and does not dispose of his personal property expressly, yet he does so, by implication of law. He did not die
 
 *119
 
 intestate. Wo administration could be granted of the estate. By appointing executors, he gives the whole to them, for the payment of his debts, and then for division among his next of kin, as the Court of Equity may direct ; that is to say, equally. If this child had held by deed, he could not have been compelled to bring the slave into hotch-pot; and, consequently, the gift by parol never became effectual, and the property vested in the executors.
 

 Pee Curiam. Judgment affirmed.